## WOOD, TRUSTEE IN BANKRUPTCY OF LECHE, *v.* A. WILBERT'S SONS SHINGLE AND LUMBER COMPANY AND WILBERT.

### APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF LOUISIANA.

No. 61.   Argued December 5, 1912.—Decided December 23, 1912.

Where defendant files a formal appearance and simultaneously files an exception to the jurisdiction, the two papers should be considered together, and as such cannot be regarded as a consent to submit to the jurisdiction in a case where consent is necessary.

An objection that the exception and demurrer did not comply with Rule 31 owing to failure to make affidavit that they were not interposed for delay, if not raised in the court below or assigned as error, cannot be raised in this court.

The District Court has not jurisdiction in behalf of the trustee in bankruptcy to recover assets of the bankrupt from a third person under a revocatory action allowed under the law of Louisiana, of an insolvent, without the consent of the defendant, under the Bankruptcy Act as amended by the act of February 5, 1903, c. 487, § 8, 32 Stat. 797.

This court will assume that all the amendments to different parts of the same act of Congress passed at the same time were intended not to conflict but to be in accord as provisions for different situations.

. THE facts, which involve the construction of §§ 23a and 23b of the Bankruptcy Act and the jurisdiction of the District Court of the United States thereunder, are stated in the opinion.

*Mr. Benjamin Rice Forman,* with whom *Mr. William Lee Hughes* was on the brief, for appellant.

*Mr. Clarence Samuel Herbert,* with whom *Mr. Walter Guion* was on the brief, for appellees.

MR. JUSTICE MCKENNA delivered the opinion of the court.

The case is here on a question of jurisdiction. Appellant brought suit in the District Court November 3, 1909, as trustee of one Edward Douglas Leche to set aside a sale of lands made by Leche to appellee, A. Wilbert's Sons Shingle and Lumber Company, herein called the shingle and lumber company, and to account for the rents thereof or the proceeds of the land that may have been sold, and to otherwise render a full account to appellant of the transactions with Leche, individually or otherwise.

Appellees on the third of December, 1909, filed an exception to the jurisdiction of the court, alleging as cause thereof that they were domiciled in the Parish of Iberville and that the court was without jurisdiction over their persons and over the subject-matter of the litigation. A demurrer to like effect was filed on the tenth of December and stated that it was "by way of amendment to the form of demurrer filed herein on December 3, 1909."

The demurrer was sustained. The court said: "From the oral arguments and brief filed it is evident the trustee brings his action under the provisions of section 70, subdivision e, of the bankruptcy act, and the bill does not disclose any cause of action under either section 60, subdivision b, or section 67, subdivision e, and therefore, by virtue of the authority of *Hull* v. *Burr*, 153 Federal, 945, this court has no jurisdiction to entertain the suit except by the consent of the defendants." The bill was dismissed without prejudice to complainant.

The certificate of the judge recites that the sole question decided by him and certified to this court was whether or not the District Court "has jurisdiction in behalf of the trustee in bankruptcy to recover assets of the bankrupt from a third person under a revocatory action allowed under the law of Louisiana, of an insolvent, without the consent of the defendant, under the Bankrupt Act as amended in 1903."

There are some minor questions presented by the brief

of counsel of which we must first dispose. It was contended in the court below that the appellees, by entering a formal appearance, waived their right to object to the jurisdiction. But they at the same time filed an exception to the jurisdiction, and the District Court decided that the two papers should be considered together, and, so considering them, held that they could not be regarded as a consent on the part of the defendants to submit themselves to the jurisdiction of the court. The ruling is not assigned as error. It is urged further that neither the exception nor the demurrer complied with the thirty-first equity rule, in that the appellees did not make affidavit that they were not interposed for delay. It is sufficient to answer that the objection was not made in the court below and is not assigned as error on this appeal. We therefore pass to the consideration of the question certified.

The bill charges with much circumstantial detail, which it is not possible to briefly state or analyze, that the lumber and shingle company and its president, Frederic Wilbert, had entered into a conspiracy with the bankrupt and certain other parties by which, on June 6, 1906, the shingle and lumber company acquired title to certain plantations belonging to the bankrupt situated in the Parish of Iberville, Louisiana. The purpose of the conspiracy, it is charged, was to conceal from his creditors the bankrupt's assets and property and to protect them from the pursuit of his creditors, with the understanding that when he got his discharge in bankruptcy the property was to be transferred to him. It was prayed that the sale be set aside and the defendants be decreed to convey the lands to complainant in trust for the creditors of the bankrupt. Without further detail of the bill we shall assume for the purpose of the consideration of the question that it states facts sufficient to constitute a ground of relief if the court have jurisdiction.

The Bankruptcy Act is very comprehensive of the whole subject of bankruptcy. It creates courts of bankruptcy and is full in its provisions for the collection and preservation of the estate of the bankrupt through trustees appointed by creditors who are given power to bring suits to recover the property of the bankrupt which has been conveyed by him in fraud of his creditors or to give a preference to any of them; the purpose of the act being to secure an equality of distribution of the assets of the bankrupt among his creditors.

Section 23a gives jurisdiction of such suits to the Circuit Courts of the United States which involve controversies at law or in equity, as distinguished from proceedings in bankruptcy, "in the same manner and to the same extent only as though bankruptcy proceedings had not been instituted and such controversies had been between the bankrupts" and the "adverse claimants." By subdivision b of § 23 it is provided that suits by the trustee shall only be brought or prosecuted where the bankrupt might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant; "*except suits for the recovery of property under section sixty, subdivision b, and section sixty-seven, subdivision e.*" The words in italics were added as amendment by act of February 5, 1903, c. 487, § 8, 32 Stat. 797. Upon them the question in the case turns. Prior to the amendment, and passing on § 23 as originally enacted, this court decided in *Bardes* v. *Hawarden Bank,* 178 U. S. 524, that that section controlled and limited the jurisdiction of all courts over suits brought by trustees to collect debts due from third parties, or to set aside transfers of property to third parties alleged to be fraudulent against creditors, and that the District Courts of the United States could, by the proposed defendant's consent, but not otherwise, entertain jurisdiction of such suits. *Harris, Trustee,* v. *First National Bank of Mt. Pleasant,* 216 U. S. 382.

What, then, is the effect of the amendment? Section 60 defines what shall constitute a preference, with provisions for preventing or defeating them. Section 67 is concerned with liens, their extent, limitation and regulation. By subdivision b of § 60 it is provided that a conveyance of property by the bankrupt within four months before the filing of a petition in bankruptcy, or after the filing or before adjudication, for the purpose of giving preference to a creditor, shall be voidable by the trustee, and he may recover the property or its value from the creditor. Subdivision e of § 67 relates to conveyances made by the bankrupt within four months prior to filing the petition with the intention and purpose to hinder, delay or defraud his creditors. It is provided that such conveyance shall be null and void except as to purchasers in good faith and for a present fair consideration. The property so conveyed is declared to be part of the assets of the bankrupt's estate, and it is made the duty of the trustee to recover and reclaim the same by legal proceedings or otherwise for the benefit of the creditors. It is also provided that conveyances and transfers void as against creditors by the laws of the State, Territory or District in which the property is situated shall be deemed null and void against the creditors of the bankrupt and to be recovered by the trustee. By an amendment of 1903 (32 Stat. 800) it was provided that for the purpose of such recovery any court of bankruptcy and any state court which would have had jurisdiction if bankruptcy had not intervened shall have concurrent jurisdiction. The present suit does not fall within either of the sections or either of the subdivisions. The conveyance sought to be set aside was not given as a preference within the meaning of the law, nor was. it, assuming it to have been fraudulent, made within four months of the filing of the petition in bankruptcy. The same limitation of time would apply even if the transfer of the property or any of the transactions connected with

it might be regarded in some of their aspects as giving a preference, as counsel suggest that they might be so regarded.

Subdivision e of § 70 is invoked as sustaining the jurisdiction of the District Court. That subdivision provides that the trustee may avoid any transfer made by the bankrupt of his property which any creditor might have avoided and may recover it unless the purchaser was a *bona fide* holder for value prior to the date of adjudication. This was the provision of the section as originally enacted. In 1903 these words were added: "For the purpose of such recovery, any court of bankruptcy as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction." 32 Stat. 800. The language of the amendment seems to have no limitation except that the transfer must be one which any creditor could avoid, and, giving it such generality, the question occurs, can it be reconciled with § 23, subdivisions a and b? The amendment was a part of the same act and passed at the same time that the amendment to subdivision b of § 23 was, and we must assume that they were intended not to conflict but to be in accord as provisions for different situations. In other words, that it was the intention that each should have its proper application distinct from and harmonious with that of the other. Such application is observed by distinguishing between jurisdiction over the subject-matter and jurisdiction over the person, as pointed out by the Circuit Court of Appeals for the Fifth Circuit in *Hull* v. *Burr, supra,* approving and following *Gregory* v. *Atkinson,* 127 Fed. Rep. 183. In other words, the respective sections and their subdivisions confer jurisdiction on the designated courts so far as it is dependent upon the character of the suits, but when the condition expressed in subdivision b of § 23 exists the consent of the defendant determines the court, except when the suit is "for the recovery of property

under section sixty, subdivision b, and section sixty-seven, subdivision e." These special exceptions exclude any other. And this is the view of the respective sections and their relation expressed in *Skewis* v. *Barthell,* 152 Fed. Rep. 534; *Palmer* v. *Roginsky,* 175 Fed. Rep. 883; *Parker* v. *Sherman,* 195.Fed. Rep. 648. *Contra: Hurley* v. *Devlin,* 149 Fed. Rep. 268.

*Judgment affirmed.*