### In re AMERICAN ELECTRIC TELEPHONE CO.

### . GRANT v. BURNS.

#### (Circuit Court of Appeals, Seventh Circuit. January 6, 1914.)

#### No. 2003.

BANKRUPTCY (§ 157*)—DIVIDENDS—GARNISHMENT OF TRUSTEE.

Under Bankr. Act July 1, 1898, c. 541, § 47, cl. 2, 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), requiring a trustee to close the estates as expeditiously as is compatible with the best interests of the parties in interest, and clause 9 directing the trustee to pay dividends within 10 days after they are declared by the referee, the bankruptcy court, in the absence of statutory authority, has no jurisdiction to permit the garnishment of a declared dividend, especially as against the rights of a creditor's assignee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 237, 238; Dec. Dig. § 157.*]

Original Petition to Review and Revise in Matter of Law the Order of the District Court of the United States for the Eastern Division of the Northern District of Illinois; George A. Carpenter, Judge.

In the matter of bankruptcy proceeding of the American Electric Telephone Company. On petition of George P. Grant, Jr., to review and revise in matter of law certain orders of the District Court of the Northern District of Illinois, etc., sustaining a garnishment of the trustee in bankruptcy for the benefit of Peter C. Burns, of dividends

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

payable by the trustee to Jesse P. Lyman and assigned to petitioner. Petition sustained, and motion to dismiss granted.

On February 9, 1911, one Jesse P. Lyman filed his claim against said bankrupt's estate amounting, with interest calculated to January 1, 1911, to $72,307.50, which was in due course allowed. On June 19, 1911, Lyman duly assigned his said claim to George P. Grant, Jr. On April 1, 1912, Lyman was advised of the filing of the assignment, with the information that unless objections were presented within ten days Grant would be subrogated to his rights in said claim. No objection was filed. On May 14, 1912, an order of distribution was declared of the bankrupt estate, being a first and final dividend of 13.98 per cent, whereby the court found that Grant was entitled to receive a dividend of $10,108.63 upon his claim. The trustee thereupon and on May 16, 1912, proceeded to draw his check in Grant's favor for that sum, but did not deliver the check to Grant because one Peter C. Burns on May 18, 1912, filed in the District Court his petition setting out that Lyman was a resident of Massachusetts; that he was indebted to petitioner in a sum in excess of $35,000; that he had no property in Illinois; that he had instituted attachment proceedings in the state court, and now prayed the court for leave to serve the trustee as garnishee. The court, without notice to Grant, granted such leave upon petitioner's complying with the terms provided in the statutes of Illinois. Burns summoned the trustee and Lyman as garnishees, and afterward made Grant a party to the state court suit, claiming that the assignment was without good and sufficient consideration; that it was invalid and illegal and made for the purpose of hindering and delaying him (Burns) in the collection of his claim against Lyman. Both Lyman and Grant appeared in the attachment proceeding on June 17, 1912, and caused the attachment suit to be removed to the District Court. On October 16, 1912, Grant filed a written motion in the District Court asking the court to vacate its order of May 18, 1912, granting leave to serve the trustee as garnishee, having previously and on April 7, 1912, moved the court to have the said dividend paid to him (Grant). Thereupon, and on September 28, 1912, Grant filed his interplea setting up the assignment by Lyman to him and claiming to be entitled to the dividend. Burns filed an answer denying the sufficiency of the alleged assignment to Grant. On April 7, 1913, the court denied Grant's motions to vacate its order of May 18, 1912, and to order the fund distributed to him (Grant) to which orders denying said motions Grant duly excepted. Thereupon this petition to revise and review said judgment, as provided in paragraph 24b of the act of 1898, was filed. The petitioner, Grant, it is claimed by the respondent, having erroneously failed to file the answer of Burns and certain evidence heard by the District Court on the hearing of the motions, the same were filed herein by respondent. These the petitioner moves this court to strike from the files. Petitioner seeks to have the several orders of the District Court revised and reviewed in matter of law, upon the grounds:

(1) That it was error on the part of the District Court by its order of May 18, 1912, to permit the trustee in bankruptcy to be garnisheed in an independent proceeding, in a state court, having no relation to the bankruptcy proceedings with reference to funds held by him for distribution to creditors; and thereafter to deny petitioner's motion to vacate the order of May 18, 1912.

(2) That such order was made in a proceeding to which petitioner was not a party and of which he was not advised at the time it was entered.

The motion to strike out the answer of Burns and certain other matters is based upon the ground that they are irrelevant and immaterial, because Grant's rights herein in question were fixed as of the date of the order permitting the garnishment on May 18, 1912, and because the matters here presented involve only questions of law.

Sears, Meagher & Whitney, of Chicago, Ill. (N. C. Sears, J. F. Meagher, and J. J. Guinan, all of Chicago, Ill., of counsel), for petitioner.

William B. Jarvis, of Chicago, Ill., for respondent.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

KOHLSAAT, Circuit Judge (after stating the facts as above). The main question here presented is whether or not it was error for the District Court to permit the introduction into this bankruptcy proceeding of an independent and entirely irrelevant matter. For respondent it is claimed that by analogy the law and practice relative to permitting suits against receivers is applicable to trustees in bankruptcy. If this be so, then the District Court had the power, in its legal discretion, to permit the garnishment of the trustee. Undoubtedly the bankruptcy court has power to permit suit against its trustee or receiver with reference to liens upon or title to specific property claimed by the trustee. This, however, is not such a case. Here the respondent sought to create a lien. The effect is to inject into the bankruptcy proceedings a suit to enforce payment of a claim against a creditor of the bankrupt, a matter in which the trustee was not concerned and one neither covered nor contemplated by the bankruptcy act. Clause 2 of section 47 of the Act July 1, 1898, c. 541, 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), requires the trustee to "close up the estate as expeditiously as is compatible with the best interests of the parties in interest." Clause 9 of said section directs the trustee to "pay dividends within ten days after they are declared by the referee."

It is apparent that any attempt to adjust the rights of a creditor of the bankrupt as against the rights of one seeking to enforce a claim against the creditor's dividend must, when carried out to its logical result, place an additional burden upon the bankruptcy court and work a delay in the settlement of the estate. It is conceivable that garnishment proceedings may be prolonged for years, so that the court may be congested with unfinished business which in no way concerns the bankruptcy cases so remaining undisposed of, thus becoming an independent collection tribunal, whereas it was the purpose of the act, as stated in Wood v. Wilbert, 226 U. S. 384–387, 33 Sup. Ct. 125, 127, 57 L. Ed. 264, "to secure an equality of distribution of the estate of the bankrupt among his creditors." In the present case, the rights of Grant as assignee of Lyman are involved and would have to be adjusted.

As long ago as 1879 it was held (In re Cunningham, Fed. Cas. No. 3,478) that garnishment of a dividend in a bankruptcy cause could not be entertained; that it would work delay; and that the court knew no law or usage which would justify the court in making an order directing the assignee (trustee) to pay the creditor's dividend to the party garnisheeing, as a matter of comity.

In Re Kohlsaat, Fed. Cas. No. 7,918, the court refused to give leave to attach the dividend of a creditor of the bankrupt on the ground that it was "no part of the province of this court to become the stakeholder for parties litigant in a state court." "Whereas, in this case," says the court in Re Hollander (D. C.) 181 Fed. 1020, "the petitioner neither claims title to nor specific lien upon the fund in question, and has not procured the appointment of a receiver, who has succeeded to the creditor's title, the court cannot be asked to suspend or deny the right of the creditor to receive his dividend."

The Circuit Court of Appeals for the Ninth circuit, in Re Argonaut Shoe Co., 187 Fed. 784, 109 C. C. A. 632, held, in a case similar to

the present case, that "the right to garnishee funds in custodia legis must depend upon express statutory authority," and that "the distribution of the assets of the bankrupt, therefore, cannot be stayed or prevented by the process of a state court, the object of which is to withhold a dividend from a creditor entitled thereto for the security of a plaintiff pending litigation."

In the case of In re Kranich, 182 Fed. 849, the District Court, upon a different state of facts from those here obtaining, permitted a garnishment proceeding to be enforced, basing its judgment upon the ground that the only objector had failed to establish his right to the fund, and the fact that a judgment had been rendered in the state court and that the trustee was not opposing the garnishment. The court insisted, however, that the allowance must be accepted as purely ex gratia.

In Re St. Albans Foundry Co., 4 Am. Bankr. Rep. 594, the referee permitted the garnishment of a dividend where the bankrupt had been served as garnishee previous to the bankruptcy proceedings.

Upon principle, however, we are of the opinion and hold that the question involved is not affected by any rule of comity, but is one of right; that it is not within the power of a bankruptcy court, in the absence of statutory authority, to permit the garnishment of a declared dividend, especially where, as in the present case, the rights of an assignee are involved; that the entertainment of an application to withhold distribution is contrary to the language and spirit of the bankruptcy act; that to aid a state court attachment by withholding the payment to the creditor gives entrance to a parasite upon the bankruptcy proceedings which may seriously affect the efficiency of the act and should not be tolerated.

We think it was error on the part of the District Court in the present case to refuse to direct the trustee to deliver the check for the dividend to Grant in accordance with his motion and to permit the same to be held to await the result of the attachment proceedings.

The petition to review and revise is sustained, with direction to the District Court to grant petitioner's motions to vacate the order of May 18, 1912, and direct the check for said dividend to be delivered to the petitioner and make such further order in the premises as may be necessary to fully carry out this order.