EWING v. S. L. LESZYNSKY & CO.

(District Court, W. D. Washington, N. D. May 22, 1916.)

No. 87E.

REMOVAL OF CAUSES ⊙⇒26—RIGHT OF REMOVAL—PLENARY SUIT BY TRUSTEE
IN BANKRUPTCY.

A trustee in bankruptcy sued defendant in the state court on the ground that defendant had purchased the bankrupts' stock of goods without compliance with Rem. & Bal. Code Wash. § 5296, relating to bulk sales. Bankr. Act July 1, 1898, c. 541, § 70e, 30 Stat. 565, as amended by Act Feb. 5, 1903, c. 487, § 16, 32 Stat. 800 (Comp. St. 1913, § 9654), declares that the trustee may avoid any transfer by the bankrupt which any creditor of the bankrupt might have avoided, and for the purpose of such recovery any court of bankruptcy, and any state court which would have had jurisdiction, if bankruptcy had not intervened, shall have concurrent jurisdiction. Section 23, subds. "a" and "b," declare that the federal Circuit Court shall have jurisdiction of all controversies in law and in equity, as distinguished from proceedings in bankruptcy, between trustees, as such, and adverse claimants, concerning the property acquired or claimed by the trustee, and that suits by the trustee shall only be brought or prosecuted in the court wherein the bankrupt whose estate was being administered might have brought or prosecuted them if bankruptcy had not intervened, while sections 60b and 67e provide for suits to set aside preferences, etc. *Held* that the Bankruptcy Act did not deprive the defendant, a nonresident, of the right to remove the action to the federal court under the general law on the ground of diversity of citizenship, for the trustee represented the creditors, and such removal might have been had on that ground in a suit between them.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 60–63; Dec. Dig. ⊙⇒26.]

Suit by Edwin C. Ewing, as trustee in bankruptcy of Joseph Paul and Samuel Paul, bankrupts, against S. L. Leszynsky & Co., a corporation, begun in the state court and removed to the federal court. On motion to remand. Motion denied.

Jones & Riddell, of Seattle, Wash., for plaintiff.

Leopold M. Stern and Preston & Thorgrimson, all of Seattle, Wash., for defendant.

NETERER, District Judge. The plaintiff, as trustee in bankruptcy, has commenced an action in the state court to recover from the defendant more than $10,000, alleged to be due to certain creditors, whose names are set out in the complaint, from the bankrupts; recovery being sought because the bankrupts transferred to the defendant their entire stock of merchandise in the city of Seattle, without taking from the debtors a statement of the names of the creditors, together with their addresses and the amount due the several creditors, as provided by the laws of Washington (section 5296, Rem. & Bal. Code), and that no part of the consideration of the sale of the stock of merchandise was paid to the creditors; that the stock of goods at the time was of the approximate value of $30,000. The cause was removed to this court on the motion of the defendant on the ground of diversity of citizenship.

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The plaintiff has moved to remand to the state court on the ground that this is not a removable cause, and that the state court is the proper court in which it should be tried; that the suit is a plenary action instituted by the trustee in bankruptcy to recover property transferred in fraud of creditors more than four months prior to bankruptcy, which is permitted by the provisions of section 70e, Bankruptcy Act, as amended. The defendant agrees that section 70e refers solely to the jurisdiction of the bankruptcy court "as such," but that the defendants, nonresidents of the state, have a right to remove under the general law.

I do not think it was the intent of Congress to take away the rights of nonresident defendants to removal under the general law, where a plenary action is commenced for the assertion or enforcement of a legal right. The trustee, I think, from the language of the statute, section 70e, as well as sections 23, subds. "a" and "b," 60b, and 67e, stands in the same position, and none other, as would the creditors, for it is provided that the trustee may avoid any transfer made by the bankrupt of his property which any creditor might have avoided, and may recover it in the same manner and to the same extent only as though bankruptcy proceedings had not been instituted. This clause concerns the right to sue only, and incidentally the jurisdiction of the court, and not the merits of the case. The bankrupt himself could have brought the suit in the state court, and the defendant would have had the right of removal, provided the amount in controversy was sufficient.

I think the motion to remand must be denied, and this conclusion is amply sustained by Bardes v. Hawarden Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175; Spencer v. Duplan Silk Co., 191 U. S. 526, 24 Sup. Ct. 174, 48 L. Ed. 287; Bush v. Elliott, 202 U. S. 477, 26 Sup. Ct. 668, 50 L. Ed. 1114; Wood v. Wilbert, 226 U. S. 384, 33 Sup. Ct. 125, 57 L. Ed. 264.