### CRAIG v. GAGE.

District Court, W. D. Texas, San Antonio Division. April 2, 1928.

No. 1017.

**1. Bankruptcy ⊙⇒293(1)—In suit by trustee in bankruptcy against person not connected with bankruptcy proceedings to recover asset of estate, court has no jurisdiction as bankruptcy court.**

In suit by trustee in bankruptcy against third person not connected with bankruptcy proceedings, to recover money claimed as asset of bankrupt estate, court has no jurisdiction as court of bankruptcy.

**2. Courts ⊙⇒279—Federal court lacks jurisdiction unless it appears from facts alleged in petition.**

In action in federal court, jurisdiction is lacking unless it appears from facts alleged in plaintiff's petition.

**3. Courts ⊙⇒329(4)—Plaintiff should be permitted to amend pleading where diverse citizenship on which jurisdiction was based was defectively alleged (28 USCA § 399).**

Where jurisdiction was based on diverse citizenship which was defectively alleged, in that affirmative allegation of defendant's citizenship did not appear, amendment should be permitted seasonably after notice of defect under 28 USCA § 399.

**4. Limitation of actions ⊙⇒180(2)—Where plaintiff's pleading shows action barred by limitation, defendant may interpose defense of limitation by special exception or demurrer, notwithstanding rule that such defense must be submitted by plea (Vernon's Sayles' Ann. Civ. St. 1914, art. 5688).**

Defense of limitation, under Vernon's Sayles' Ann. Civ. St. 1914, art. 5688, is required to be submitted by plea, but courts uniformly hold that, where it appears from plaintiff's pleading that action is barred by statute, defendant may interpose such defense by special exception or demurrer.

**5. Limitation of actions ⊙⇒180(2)—Petition by trustee in bankruptcy to recover claimed assets of bankrupt estate which showed defendant's adverse posession held to show action barred by four-year statute of limitation (Vernon's Sayles' Ann. Civ. St. 1914, art. 5688).**

Right of action by trustee in bankruptcy against third person to recover money paid by bankrupt in nature of advance on annual lease account, claimed as asset of bankrupt estate, held barred by four-year statute of limitation

(Vernon's Sayles' Ann. Civ. St. 1914, art. 5688), where petition showed that defendant had physical, adverse possession of property, and denied possession to bankrupt and its successor, plaintiff trustee, for more than four years and eleven months prior to filing of suit.

**6. Pleading ⊙⇒214(1)—Plaintiff's allegations are taken as true for purpose of testing pleading on demurrer.**

Plaintiff is bound by his allegations, and, for purpose of testing sufficiency of pleading and as stating case from his own standpoint on demurrer, such allegations are taken as true.

**7. Limitation of actions ⊙⇒199(1)—Issue of limitation is determined as matter of law from plaintiff's pleading, if practicable, or from facts on merits.**

Issue of limitation is to be determined as matter of law from plaintiff's pleading, or, if that be impracticable, then, from facts on merits.

At Law. Suit by Clarence Craig, trustee, against A. S. Gage. On defendant's demurrers and exceptions to plaintiff's original petition. Exceptions sustained except those as to limitation, which are not decided, and leave given plaintiff to file amended petition.

M. R. Lively, of Webb City, Mo., for plaintiff.

J. B. Lewright and Guy S. McFarland, both of San Antonio, Tex., for defendant.

WEST, District Judge. [1] Plaintiff asserts that the court has jurisdiction as a court of bankruptcy, because the action here is in aid of the United States District Court of Bankruptcy in the state of Missouri. Jurisdiction has not been acquired as a court of bankruptcy, nor as being ancillary to the original bankruptcy proceeding in Missouri. Hull v. Burr, 153 F. 945, a decision by the Circuit Court of Appeals for the Fifth Circuit, is controlling. It is followed and approved in the following cases: Bardes v. Hawarden Bank, 178 U. S. 524, 20 S. Ct. 1000, 44 L. Ed. 1175; Harris, Trustee, v. First National Bank of Mt. Pleasant, 216 U. S. 385, 30 S. Ct. 296, 54 L. Ed. 528; Wood, Trustee, v. A. Wilbert's Sons Shingle & Lumber Co., 226 U. S. 385–389, 33 S. Ct. 125, 57 L. Ed. 264; Lovell, Trustee, v. Newman & Son, 227 U. S. 412, 33 S. Ct. 375, 57 L. Ed. 577.

This suit is brought by a trustee in bankruptcy as an independent suit against a third person, one who is not connected with or made a party to the bankruptcy proceedings, for the purpose of recovering money claimed as an asset of the bankrupt estate. In these circumstances, an unbroken line of cases hold that a District Court, sitting as a court of bankruptcy, has no jurisdiction. Title 11,

§ 46, note 9, USCA, and cases there cited, also note 31 under the same section, citing cases supporting the ruling that property held adversely to bankrupt can only be recovered by plenary suit; Bardes v. Hawarden Bank, 178 U. S. 524, 20 S. Ct. 1000, 44 L. Ed. 1175, supra; Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 S. Ct. 293, 46 L. Ed. 413; Pickens v. Roy, 187 U. S. 177, 23 S. Ct. 78, 47 L. Ed. 128; First Nat. Bank v. Chicago Title Co., 198 U. S. 280, 25 S. Ct. 693, 49 L. Ed. 1051; Bush v. Elliott, 202 U. S. 477, 26 S. Ct. 668, 50 L. Ed. 1114.

[2, 3] The only exceptions are where the defendant consents, provided in section 46-b of the same title (page 302), and where recovery of property is sought under the several provisions noted in the same section. The plaintiff states that the case is within one of these; namely, section 96. That section has to do with preferences. The claim sued on is clearly not a preference. Jurisdiction is lacking unless it appears from facts alleged in plaintiff's petition. Plaintiff trustee alleges that the bankrupt was a resident and citizen of the state of Delaware, and that the defendant, Gage, was "a resident of Bexar county, Tex., * * * and there is therefore a diversified citizenship of plaintiff and defendant." Plaintiff admits that an affirmative allegation of defendant's citizenship must appear in his pleading, but relies on his right to amend.

The Act of March 3, 1915 (USCA tit. 28, § 399), gives the right of amendment where the jurisdiction is based upon diverse citizenship, when defectively alleged, provided it existed at the time the suit was brought or removed. Amendment should be permitted seasonably after notice of the defect. The court should not proceed further until jurisdiction becomes apparent from pleadings of record.

The petition sets up three separate causes of action. Plaintiff authorizes dismissal of his third count in the opening paragraph of his brief.

Count 1 is based on the terms of a written agreement between the bankrupt and the defendant, under the terms of which $5,000 is deposited with the defendant June 15, 1920; the purpose being to clear the title to the leased land of incumbrances created through subleases granted by bankrupt to third parties. The bankrupt is allowed 60 days after expiration of the original five-year lease contract, or after the date of its termination by forfeiture. Failure on bankrupt's part to clear the title by institution of suits within time mentioned gives defendant the right to employ attorneys, institute suits, and incur expenses in the clearance of titles, to be paid out of the $5,000 deposit. An alternative provision requires deposit to be returned by defendant if oil or gas be produced continuously during any one year of the five-year contract. Plaintiff alleges that defendant never paid rightfully from said deposit any sum for necessary expenses in court costs or attorneys' fees, as per the agreement, since June 15, 1920.

The second count seeks recovery of $30,000, paid by the bankrupt to defendant in the nature of an advance on the annual lease account or bonus, under terms that $15,000 was to be repaid on completion of well No. 1, and $15,000 on completion of well No. 2, in accordance with the terms of the lease contract. The petition charges: That, for the purpose of avoiding any obligation to refund the amounts paid, the defendant slandered the company's right and title to the lands leased, publicly declared the lease was forfeited for failure to comply with its terms, threatened to bring suit for forfeiture, and wrongfully filed suit to cancel part of the acreage leased. This forced bankrupt to submit, by agreement, to the canceling of some of the lands leased, but bankrupt afterwards complied with the terms of the lease contract, and was in possession and the owner of the leased premises on the date of adjudication in bankruptcy, June 24, 1922. That thereupon defendant refused to recognize the bankrupt's rights, or permit entrance for completion of either of said wells, executed oil and gas leases of the same premises to others, thereby denying the right and title of the bankrupt. That defendant unlawfully took possession of the leased premises and denied the bankrupt's right of possession, thus rendering it impossible for the bankrupt, or its assigns, to complete the drilling of said wells, or either of them.

[4] The defendant presents the defense against counts 1 and 2, by special exception and demurrer, that these causes of action appear to be barred by the statute of limitation of four years, being article 5688 of Vernon's Sayles' Statutes of the state of Texas, 1914, and being article 5688, p. 3818 of volume 4, which provides that actions for debt, where the indebtedness is evidenced by, or founded upon, any contract in writing, suit must be commenced and pursued within four years after the cause of action shall have accrued, and not afterwards. The plaintiff counters with the proposition that the plea of limitation thus urged cannot be presented by way of a special exception or demurrer, but must

be done by plea. It is true that the defense of limitation is required to be submitted by plea, but the courts uniformly hold that, where it appears from plaintiff's pleading that the action is barred by the statute, then the defendant may interpose such a defense by special exception or demurrer. Some of these authorities are noted. Gathright v. Wheat, 70 Tex. 740, 9 S. W. 76; Coles v. Kelsey, 2 Tex. 541, 47 Am. Dec. 661; Hopkins v. Wright, 17 Tex. 30; Smith v. Fly, 24 Tex. 345, 76 Am. Dec. 109; Dickinson v. Lott, 29 Tex. 172; Alston v. Richardson, 51 Tex. 1.

Are the causes of action in counts 1 and 2 barred by the four-year statute of limitation?

[5] Count 2 is based on the terms of the original five-year lease contract of March 22, 1919, and is for $30,000 damages. Count 1 is based on a subsequent collateral agreement dated June 19, 1920, and is to recover $5,000 deposited with defendant. Count 2 will be first considered because of its earlier date and because count 1 is collateral and subsequent in time.

Plaintiff alleges (page 17 of his original petition) that bankrupt "was in full possession of the oil and gas lease, and was the owner thereof on the 24th day of June, 1922," when it was adjudged a bankrupt, and "that thereupon the defendant refused to recognize the Marathon Oil Company's rights and interest in and to said oil and gas lease then remaining in force and effect and permit it to go on and complete either of said wells, and, without any right and unlawfully, proceeded to execute another oil and gas lease on the premises in said oil and gas lease described, and on which said wells were being drilled and other large acreage to one Wm. G. Holt and others, and thereby and by reason of the conduct of the defendant so slandering the title of the Marathon Oil Company in and to said oil and gas lease, and the litigation commenced wrongfully by this defendant, and by reason of his unlawfully and wrongfully seizing the possession of said premises and executing another oil and gas lease on said premises and the premises upon which said wells were being drilled, he rendered it impossible for the Marathon Oil Company or its assigns to complete the drilling of said wells or either of them; that the Marathon Oil Company had expended in the drilling of said wells and the acquiring of the equipment a large sum of money, more than $300,000, and had drilled said wells to a depth of about 2,700 feet, and, notwithstanding that said oil and gas lease was non-forfeitable and was in force and effect, and unlawfully and without authority in law, defendant took possession of all of said premises and exercised ownership over them, and denied the Marathon Oil Company or its representatives any right in and to said oil and gas lease or the possession thereof, and by his own act and conduct brought about conditions that made it impossible for the Marathon Oil Company or its representatives to drill either of said wells to the depth of 3,500 feet or to where oil in paying quantities was developed, and thereby and by reason thereof became liable to the Marathon Oil Company and to the plaintiff, its representative, in the sum of $30,000, the amount that the defendant agreed and contracted to pay on the completion of said wells."

[6] Plaintiff is bound by his allegations, and, for the purpose of testing the sufficiency of his pleading and as stating the case from his own standpoint, upon demurrer, these allegations are taken as, and are assumed to be, true. The quoted portion of plaintiff's pleading declares that the defendant has had physical, adverse possession of the property leased, and denied possession to the bankrupt and its successor, plaintiff trustee, from and since the adjudication, June 24, 1922, being more than four years and eleven months prior to the filing of suit, May 7, 1927. It also appears that the defendant had assumed the like attitude for an indefinite period of time prior to the date of the adjudication, but too indefinite upon which to certainly fix a date of right of action. In any event, it is clear that right of action on the second count arose on June 24, 1922, and continued to run until barred by the statute of limitation.

Count No. 1. Plaintiff alleges that defendant received the $5,000 deposited with him as a trustee. He had the right to use this deposit if the bankrupt failed to do certain things within 60 days after expiration of the 5-year lease contract, or within 60 days after the termination of that contract by forfeiture. Plaintiff argues that the contract was not terminated by forfeiture and that the 5-year lease contract terminated by expiration, March 22, 1924, and that the cause of action in count 1 did not arise until 60 days thereafter; that defendant trustee, having expended no money for the purposes named in the agreement of June 15, 1920, should be required to pay the deposit to the plaintiff trustee in bankruptcy for the benefit of creditors.

The defendant contends that this agreement also terminated by operation of law,

in the adjudication of bankrupt, June 24, 1922, *and* the defendant's acts of repudiation, as stated in the plaintiff's petition, in holding actual possession adverse to the bankrupt and plaintiff trustee, of all the real and personal estate situated upon the property leased, including the two incompleted wells, and denying right of access thereto; that the actions complained of constituted an open, public declaration of adverse claim and an actual holding against the plaintiff's claim of right, from which the period of limitation should commence to run.

The agreement of 1920 may or may not constitute a trust relation. This depends upon the action or nonaction of the parties. From the allegations in plaintiff's petition, it appears that neither the defendant holding the deposit nor the bankrupt or plaintiff trustee had taken any step, or expended any money, for the purposes declared in their agreement; that this status continued since the execution of the agreement, June 15, 1920, to June 24, 1922, the date of the adjudication. Subsequent to that time defendant's attitude has been openly adverse in interest to the assertion of any rights under the five-year lease contract by the plaintiff; in fact, his conduct, as charged by plaintiff, amounts to repudiation of the contract and ouster.

[7] The agreement does not *require* plaintiff to clear the leased lands of the incumbrances named, and the deposit is in defendant's hands to be applied to the same purpose. The plaintiff's petition lacks certainty, in that it does not definitely appear when his cause of action, count 1, arose. The contract declares that plaintiff *may* have until 60 days after May 22, 1924, to clear titles. If not then cleared, the defendant *may* take the initiative. In the present state of the pleadings, there are no certain allegations of date or time on which plaintiff's cause of action arose. The issue of limitation is to be determined as a matter of law from plaintiff's pleading, or, if that be impracticable, then from the facts on the merits. The repudiation by the defendant of the lease contract since the adjudication of the oil company as bankrupt, coupled with nonaction on plaintiff's part as to the collateral contract since its execution, June, 1920, may bar his right of action by limitation. There should be some affirmative statements of fact pleaded in explanation of the inaction of the bankrupt and its successor, the plaintiff trustee.

From the present state of the pleadings and from the foregoing conclusions, the court finds that causes of action stated in counts Nos. 2 and 3 are barred by the statute of limitation of four years, rendering any decision unnecessary as to all other exceptions interposed by the defendant as to the sufficiency of these counts; that count No. 1 is probably barred by the statute of limitation of four years, but, owing to the indefiniteness and lack of certainty in the petition, the court is unable to make definite ruling upon the defendant's exception as to limitation.

It will be necessary for the plaintiff to amend, and, in order to clear the situation, a formal order will be entered, sustaining all the defendant's exceptions except those as to limitation, which are not decided. The plaintiff may have leave to file an amended original petition, to be filed to conform to the rulings herein on or before April 15, 1928; the defendant to be allowed ten days thereafter within which to answer. Should plaintiff elect not to amend or fail to file an amended petition within the time specified, it will be assumed that he has abandoned his suit as to count 1, in which event a final judgment will be entered. Court orders in due form will be made carrying these rulings into effect. The clerk is directed to mail plaintiff a copy of this opinion and to notify defendant of its filing.