## BELL v. ROBERTS.
### No. 7389.

Circuit Court of Appeals, Third Circuit.

May 22, 1940.

586

Joseph M. Price, of Philadelphia, Pa., for Closed Banks.

John W. Lord, Jr., Sp. Deputy Atty. Gen., Orville Brown, Deputy Atty. Gen., and Claude T. Reno, Atty. Gen., for appellant.

Hugh Roberts, of Philadelphia, Pa., for appellee.

Before BIGGS, MARIS and CLARK, Circuit Judges.

PER CURIAM.

In a proceeding in the District Court of the United States for the Eastern District of Pennsylvania for the reorganization under the Bankruptcy Act of the Philadelphia Rapid Transit Company Hugh Roberts was allowed the sum of $2,500 as compensation for services rendered by him as attorney for certain parties in interest in the reorganization. The allowance was made on January 12, 1940 after the reorganization plan had been confirmed by the court and consummated by the formation of the Philadelphia Transportation Company by consolidation and merger of the debtor and 64 other companies and the resulting acquisition by the Philadelphia Transportation Company of the property and business of its constituent corporations. The order of the court directed that the amount allowed be paid to Roberts by the Philadelphia Transportation Company.

On February 2, 1940 John C. Bell, Jr., Secretary of Banking of the Commonwealth of Pennsylvania, as Receiver of Aldine Trust Company, petitioned the district court for leave to issue an attachment execution out of the Court of Common Pleas No. 4 of Philadelphia County, Pennsylvania, upon a judgment in that court against Roberts, in order to attach in the hands of the Philadelphia Transportation Company the amount of the allowance payable to Roberts by that company pursuant to the order of the district court. On March 15, 1940 the district court entered an order denying the petition for leave to issue an attachment execution. The present appeal is from that order.

The district court took the ground that the fund out of which Roberts' allowance is to be paid is in custodia legis and consequently attachable only with leave of court, and that since the services of counsel are essential in a corporate reorganization proceeding and may be obtained only if paid for an attachment of the amount allowed for such services would impede the judicial process and may, therefore, not be permitted. We should hesitate to accept the premises upon which the court's conclusion is based that in order to secure a lawyer's services it is necessary that he be given a special protection against his creditors. Certainly unless this premise is accepted it is difficult to see how any court could justify refusing as a matter of grace leave to attach a fund awarded outright to an individual and thus withdrawn entirely from the administration of the bankruptcy court. See In re Chakos, D.C., 36 F. 2d 776.

It is unnecessary, however, to decide whether the district court abused its discretion in refusing leave to issue the attachment since we are of opinion that the property of the Philadelphia Transportation Company is not in custodia legis and the amount payable by that company to Roberts under the court's order is, therefore, subject to attachment under the laws of Pennsylvania without leave of the district court. When in accordance with the reorganization plan and pursuant to the order of the district court the Philadelphia Transportation Company—the "New Company" under the reorganization plan —was formed and the property of the debtor became vested in it, that property passed out of the custody of the law and became assets to meet the obligations of the new company, including its obligation to Roberts under the court's order. When the reorganization was consummated the protecting hand of the bankruptcy court was withdrawn from the new company and its assets.

We assume, without deciding, as the district court likewise did, that the sum payable to Roberts for his legal services would be subject to attachment under the law of Pennsylvania. If, as Roberts

urges, that allowance is to be considered salary and, therefore, exempt from attachment under Section 5 of the Act of April 15, 1845, P.L. 459, 42 P.S. § 886, he will have opportunity to claim his exemption in the attachment proceeding in the state court by rule to dissolve or other appropriate action.

The order of the district court is reversed and the cause is remanded to that court with directions to dismiss the petition for want of jurisdiction.