## In re VICTOR BREWING CO.
### No. 20938.

District Court, W. D. Pennsylvania.
April 2, 1941.

---

[1] No opinion for publication.

■■■■■■■■

Frank W. Stonecipher and L. M. Alpern, both of Pittsburgh, Pa., for trustee.

Christ C. Walthour, John E. Kunkle, Jr., and Fred B. Trescher, all of Greensburg, Pa., for Glass City Bank.

SCHOONMAKER, District Judge.

■ This matter was heard on petition and answer on the 15th of March, 1941. On October 4, 1940, a creditors' petition was filed against the above-named bankrupt; and on October 23, 1940, an order was entered approving said petition, staying all suits pending against the debtor or its property, enjoining the commencement of any suit against the debtor or the trustee, or any act or proceeding to enforce a lien upon the property of the debtor, and enjoining all persons from interfering with the exclusive jurisdiction of this court over the debtor, its property and assets. On February 19, 1941, the Glass City Bank of Jeannette, Pennsylvania, confessed judgment against F. A. Maddas, an alleged creditor of the bankrupt estate in the Court of Common Pleas of Allegheny County, Pennsylvania; and thereupon caused a writ of execution-attachment to be issued thereon out of said court of Common Pleas of Allegheny County, at No. 1810 April Term 1941, against the said F. A. Maddas, summoning Robert C. Sproul and Clyde E. Smith, trustees of the above-named bankrupt, without having obtained the consent of this court. On March 5, 1941, the said trustees of the bankrupt filed a petition in this court in the above-entitled case, praying for an order enjoining and restraining the said Glass City Bank from proceeding further with its writ of attachment-execution; and on the same day we entered an order on said petition granting a rule on the said Bank to show cause why it should not be permanently enjoined from proceeding with the writ of attachment-execution returnable March 13, 1941; and temporarily enjoining it from proceeding further with the writ of attachment-execution pending the further order of the court. On March 14, 1941, the Glass City Bank filed an answer to said petition of the trustee, in which it was alleged that F. A. Maddas is a creditor of the bankrupt; that the said Maddas will ultimately be entitled to a share in the proceeds derived by said trustees from the bankrupt's property; and that the trustees' only obligation under the attachment will be to pay the Bank such amount up to the amount of respondent's claim, as is ultimately determined by the court to be due Maddas.

We are of the opinion that the judgment-creditor, Glass City Bank, should be permanently enjoined from proceeding with its attachment-execution issued by the Court of Common Pleas of Allegheny County at No. 1810 April Term, 1941, against F. A. Maddas, summoning the trustees of the bank as garnishees. No dividend has been declared, or fund set aside to the said Maddas; and no dividend has been declared to any creditors of the bankrupt.

■ The cases in which an execution attachment was allowed as a matter of grace were ones in which dividends had been declared, and an order of distribution entered by the referee. In the case of In re American Electric Telephone Company, 7 Cir., 211 F. 88, 91, the court, in refusing to permit the garnishment of a declared dividend, said: "Upon principle, however, we are of the opinion and hold that the question involved is not affected by any rule of comity, but is one of right; that it is not within the power of a bankruptcy court, in the absence of statutory authority, to permit the garnishment of a declared dividend, especially where, as in the present case, the rights of an assignee are involved; that the entertainment of an application to withhold distribution is contrary to the language and spirit of the bankruptcy act; that to aid a state court attachment by withholding the payment to the creditor gives entrance to a parasite upon the bankruptcy proceedings, which may seriously affect the efficiency of the act and should not be tolerated."

In the instant case, the trustees are objecting to the garnishment, because it will unduly interfere with the administration of the bankrupt estate; and we are of the opinion that the Bank should be restrained from proceeding with its attachment. If the situation changes at some time in the future, and a dividend is declared to F. A. Maddas, or any fund is set aside to him, the Glass City Bank may

apply to this court for a modification of our order in this matter.

An order may be submitted in accordance with this opinion, upon notice to the other side.