An order may be submitted in accordance with this opinion, upon notice to the other side.

## In re VICTOR BREWING CO.
### No. 20938.

District Court, W. D. Pennsylvania.

April 29, 1942.

Frank W. Stonecipher and Lewis M. Alpern, both of Pittsburgh, Pa., for trustee.

Christ C. Walthour, John E. Kunkle, Jr., and Fred B. Trescher, all of Greensburg, Pa., for Glass City Bank.

SCHOONMAKER, District Judge.

This case was heard on the petition of the Glass City Bank of Jeannette, Pennsylvania, for leave to proceed against the Trustee in Bankruptcy with a writ of attachment execution on a judgment which it holds against F. A. Maddas, of record in the Court of Common Pleas of Allegheny County, Pennsylvania. Maddas had been allowed a claim against the bankrupt's estate of $3,228.53, the balance due him as compensation for his services as a re-

ceiver in equity of the Victor Brewing Company prior to bankruptcy proceedings herein.

The matter of the attachment proceedings first came to this court on the petition by the trustees in bankruptcy, requesting that the Glass City Bank be enjoined from proceeding with its attachment proceedings in the State court. We heard the case and enjoined the Bank from proceeding with its attachment proceedings, stating in an opinion filed April 2, 1941, 48 F.Supp. 905:

"If the situation changes at some time in the future, and a dividend is declared to F. A. Maddas, or any fund is set aside to him, the Glass City Bank may apply to this court for a modification of our order in this matter."

The present petition of the Glass City Bank is for a modification of that order, so that it may proceed with its attachment proceedings.

The Trustees in Bankruptcy have answered this petition, and in it aver that the First National Bank of Greensburg has filed a proof of claim with the Referee in Bankruptcy based on an assignment dated April 3, 1941, assigning to the First National Bank of Greensburg the balance due said F. A. Maddas as Receiver of the Victor Brewing Company; also averring that on December 6, 1941, Walter L. Miller, Collector of Internal Revenue for the 23rd District of Pennsylvania for the United States, has filed a notice with the Trustees notifying them that the United States of America has a lien for Federal taxes against any moneys due and owing to the said F. A. Maddas, either as receiver's fees or as dividends which might be paid to him as a preferred or unsecured creditor in the bankruptcy proceedings; and averring by virtue of this lien, the United States of America claims to be entitled to all moneys which may be awarded to the said F. A. Maddas as receiver of the bankrupt company.

We therefore have three claimants to the fund now in court. If we permit the Glass City Bank to proceed with its attachment proceedings, we still leave the trustees in bankruptcy subject to the claim of the United States and the First National Bank of Greensburg. We are therefore of the opinion that to permit the Glass City Bank to proceed with its attachment proceedings would seriously embarrass the administration of the trust now in this court.

The petitioner cites the case of Bell v. Roberts, 3 Cir., 112 F.2d 585, in support of its application. We cannot see that that case is applicable to the facts in the instant case. In that case there was a bankruptcy reorganization which had been confirmed, and the assets of the debtor had been turned over to the new company. Here the fund is still in court, and we have three claimants to it. We must therefore retain the money claimed and determine to which one of the three claimants it should be awarded. The case In re Chakos, D.C., 36 F.2d 776, upon which the Glass City Bank relies, also holds that it is a matter of discretion with the court whether it would, or would not, allow an attachment execution against money in the hands of the bankruptcy trustee when its allowance did not seriously embarrass the administration of the estate. Here, there is the embarrassment of which we have already spoken.

The application of the Glass City Bank will therefore be denied. An order may be submitted accordingly.