636

## SAPER v. SUSSMAN.

District Court, S. D. New York.

Jan. 9, 1945.

David Haar, of New York City, for plaintiff.

Binder Brothers, of New York City, for defendant.

GODDARD, District Judge.

This is a motion to dismiss the complaint for lack of jurisdiction. The suit is a plenary one brought by a trustee in bankruptcy to recover the possession of a $1,000 War Bond bought by the bankrupt and delivered to the defendant, his wife. The complaint alleges that the bond was "issued to Harry Sussman, as owner and payable on death to Mrs. Minnie Sussman." It also alleges that the bond was delivered as a gift to his wife, and that the "purported gift * * * was in violation of the * * * regulations promulgated by the Secretary of the United States, and was void." Consequently, it is alleged, title to the bond was in the bankrupt and is now in the trustee by virtue of Section 70, sub. a, of the Bankruptcy Act, 11 U.S. C.A. § 110, sub. a.

■ Jurisdiction of this court over the action is to be determined from the allegations of the complaint. Lovell v. Newman, 227 U.S. 412, 420, 33 S.Ct. 375, 57 L.Ed. 577; Flanders v. Coleman, 250 U.S. 223, 39 S.Ct. 472, 63 L.Ed. 948.

■ The trustee contends that this court has jurisdiction by virtue of Sections 23, sub. b and 70, sub. e of the Bankruptcy Act, 11 U.S.C.A. §§ 46, sub. b, 110, sub. e.

Section 70, sub. e, confers jurisdiction to set aside a fraudulent transfer or a transfer voidable under the state or federal laws. If the complaint alleged that the husband was insolvent at the time he handed the bond over to his wife, and that the gift was fraudulent as to then existing creditors, there might be jurisdiction in this court to recover the bond as a fraudulent conveyance. Milkman v. Arthe, 2 Cir., 223 F. 507; Lowenstein v. Reikes, 2 Cir., 60 F.2d 933, 935. However, there are no allegations of fraud or insolvency.

Nor are there any grounds set forth in the complaint for jurisdiction based on a transfer voidable under state or federal laws for the complaint alleges that there was no transfer. The bond was nontransferrable; there was merely a delivery of possession of the bond. Therefore Section 70, sub. e, of the Bankruptcy Act does not apply.

■ This is, then, an action to recover possession of an asset of the estate, accord-

ing to the complaint. Authority is impliedly given to the trustee to bring such a suit by Section 47, sub. a(1), of the Bankruptcy Act, 11 U.S.C.A. § 75. Since it is not brought under any of the excepted sections of the Bankruptcy Act, such a suit is governed by the general provisions of Section 23, sub. b, 11 U.S.C.A. § 46, which allows the trustee to bring it only where the bankrupt himself could have brought it, unless the defendant consents to the jurisdiction of the district court. Schumacher v. Beeler, 293 U.S. 367, 371, 55 S.Ct. 230, 79 L.Ed. 433; Wood v. A. Wilbert's, 226 U.S. 384, 33 S.Ct. 125, 57 L.Ed. 264. The defendant here has not consented to the jurisdiction of this court, but rather contests it.

In order to bring such a suit in this court there must be some other basis of jurisdiction than the Bankruptcy Laws. The only possible grounds would be diversity of citizenship or a federal question arising out of the Treasury Regulations. However, there is no diversity of citizenship as between the bankrupt and the defendant, his wife, nor is there the $3,000 in controversy required for both of these jurisdictional grounds. Section 24(1) of the Judicial Code, 28 U.S.C.A. § 41(1). Therefore, there is no jurisdiction in this court to entertain this plenary suit to recover assets of the estate. Harris v. First National Bank, 216 U.S. 382, 30 S.Ct. 296, 54 L.Ed. 528; Wood v. A. Wilbert's supra; Lowenstein v. Reikes, supra.

Plaintiff contends that the above cited cases do not apply because they were decided before the Bankruptcy Act of 1938 which enlarged the exceptions in Section 23, sub. b, from Sections 60, sub. b, 67, sub. e, and 70, sub. e, to include all of Sections 60, 67 and 70, 11 U.S.C.A. §§ 96, 107, 110. The trustee does not contend that Sections 60 and 67 are relevant. The only part of Section 70 claimed to be relevant and not discussed above is Section 70, sub. a, 11 U.S.C.A. § 110 sub. a, which passes title to all of the bankrupt's property to the trustee. However, the suit at bar is not one to recover title to property, for the complaint alleges that the trustee has title. The suit is one to collect an asset of the estate, authority for which is impliedly given by Section 47, sub. a(1). But a suit under that section may only be brought by the trustee in this court if the bankrupt himself might have brought it here.

Defendant's motion to dismiss the complaint for lack of jurisdiction is granted. Plaintiff's motion to compel the deposit of the bond in this court pending suit is moot and must be denied.

Settle order on notice.