In re KRANICH.

(District Court, E. D. Pennsylvania. November 16, 1910.)

No. 3,443.

1. BANKRUPTCY (§ 319*)—TRUSTEE IN BANKRUPTCY—GARNISHMENT.
An attachment execution, issued out of the state court against a bankrupt's trustee, could not be enforced against the trustee's objection, though a judgment on interrogatories had been duly entered against him in the state court by default.
[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 319.*]

2. BANKRUPTCY (§ 319*)—BANKRUPT'S TRUSTEE—FAILURE TO OBJECT—EFFECT.
Where a bankrupt's trustee was summoned as garnishee in the state court, and judgment on interrogatories was entered against him by default, and he, having more than enough money in his hands to satisfy the judgment against the debtor, made no objections either to the judgment or to an order asked for by the creditor directing payment of the sum, such order would be allowed against the objection of the judgment debtor.
[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 319.*]

In the matter of bankruptcy proceedings against Charles Kranich. On certificate of referee rejecting a claim against the bankrupt's

trustee as garnishee of the Bringhurst Baking Company. Order reversed, and claim allowed.

See, also, 174 Fed. 908.

A. S. Weill, for execution creditor.

Edgar N. Black, for Bringhurst Baking Co.

J. B. McPHERSON, District Judge. It is clear that the attachment execution issued in this case from a magistrate's court in the city of Philadelphia could not be enforced against the objection of the trustee, who was summoned as garnishee, although a judgment upon the interrogatories was duly entered against him by default. But he is not complaining, and does not oppose the order now asked for. The only objection comes from the attorney for the Bringhurst Baking Company (who is the judgment debtor), and he is claiming the fund for himself, although his right thereto is not established by the evidence upon this subject. The validity and amount of the debt has been conclusively adjudicated against the baking company, and the trustee has in his hands money due to the company that is more than sufficient to satisfy the judgment. The following situation is therefore presented: A creditor has obtained judgment against the garnishee in an execution attachment. The garnishee is an officer of this court, and has more than enough money in his hands to satisfy the judgment; and, while the state tribunal could not compel him to pay over the money, he himself has made no objection either to the judgment or to the order that is now asked for by the creditor. Under such circumstances I see no reason why this court should not pay due respect to a tribunal of the state, and recognize a claim that has thus been conclusively proved—although I repeat that the allowance must be accepted as purely ex gratia.

The referee's order rejecting the claim is therefore reversed, and the trustee is directed to pay the magistrate's judgment against the baking company, with interest from the date of its entry, out of the sum of $250 awarded by the referee to the company.