# Gordon, Secretary of Banking, v. Kuemmerle et al.

[redacted]

*David W. Niesenbaum*, for plaintiff; *Ralph S. Croskey*, for defendants.

ALESSANDRONI, J., July 6, 1933.—An attachment sur judgment issued against the defendant, Alexander D. Robinson, and summoned Samuel Gailey, trustee of the bankrupt estate of Girard Hosiery, Inc., as garnishee. The motion to quash the writ of attachment is based upon the contention that funds in the hands of a trustee in bankruptcy are not subject to attachment in the common pleas courts.

It appears that the defendant Robinson is entitled to a dividend allowed by the referee in bankruptcy and now held by the garnishee. The question of law raised is a mooted point, but the decisions in the Federal courts clearly indicate a discretion in the court having jurisdiction of the bankruptcy matter to allow attachments to be made under certain circumstances as a matter of grace. As stated in 2 Collier on Bankruptcy (13 ed.) 1491: "Although dividends in the hands of a trustee in bankruptcy are not, as a matter of right, subject to attachment or garnishment, it seems, that the bankruptcy court may, out of respect to the State court, direct the trustee to pay a judgment obtained in a garnishment proceeding against a creditor of the bankrupt."

In the case of In re Kranich, 182 Fed. 849, decided by McPherson, J., of the District Court for the Eastern District of Pennsylvania, an attachment of funds in the hands of the trustee was allowed as a matter of grace. The trustee was directed to pay out the amount admitted to be due. In that case no objection was made by the trustee in bankruptcy and the attachment was allowed "as purely ex gratia." In the case of In re Chakos, 36 F. (2d) 776, the court in discussing a similar question held: "But the precise question here involved is not whether such right exists, but whether this court, sitting as a court of bankruptcy, guided by the principles governing equity jurisprudence, should, as a matter of grace, grant this alleged creditor an opportunity to establish his alleged cause of action and reach the only known source of satisfaction thereof. Courts of equity of the United States, prior to the enactment of legislation upon the subject, quite generally held that suits in garnishment or of any other character against a receiver or trustee appointed by the court could not be maintained except by leave of court first had and obtained. The granting of such leave was discretionary and a matter of extension of grace; relief was granted where desirable from the point of the applicant and not seriously embarrassing to the administration of the trust by the court. See Central Trust Co. v. Chattanooga, etc., Co. (C. C.) 68 F. 685; Central Trust Co. of New York v. East Tenn. Ry. Co. (C.C.) 59 F. 523, and cases cited in 34 Cyc. 411 [53 C. J. 331]. In the case of In re Kranich (D. C.) 182 F. 849, Judge McPherson granted leave to an attachment creditor to garnishee a trustee in bankruptcy purely as a matter of grace"

In view of these decisions, and the reasoning underlying them, we unhesitatingly conclude that the elementary dictates of equity and justice require that the plaintiff be afforded an opportunity in the Federal court having jurisdiction of the bankruptcy proceeding to perfect his attachment. In order to avoid any possibility of prejudice to the plaintiff by a withdrawal of the fund in the interim, decision upon the motion is reserved pending the conclusion of appropriate proceedings in the Federal court.

And now, to wit, July 6, 1933, decision on the motion to quash the writ of attachment is reserved pending the outcome of appropriate proceedings before the Federal court.