**NATIONAL AUTOMATIC TOOL CO. v. GOLDIE (COX, Garnishee).**

No. 3637.

District Court, D. Minnesota, Fourth Division.

Feb. 11, 1939.

H. Z. Mendow, of Minneapolis, Minn., for petitioners.

M. E. Culhane, of Minneapolis, Minn., for plaintiff.

JOYCE, District Judge.

This matter comes before the court in the above entitled proceedings on the motion of Louis Shapiro, C. B. Cooper and Hennepin Transfer Company, for an order releasing and discharging the above entitled garnishee defendant and releasing and discharging the garnishment proceedings in the above matter.

It appears that the Calhoun Beach Club Holding Company is in bankruptcy in the Fourth Division of this court and that Harold W. Cox is the trustee of said bankrupt estate. That Harry S. Goldie, principal defendant herein, has heretofore filed certain claims against the Calhoun Beach Club Holding Company, bankrupt, which have been the subject of assignment by him to the petitioners above named, which assignment was to all money, property and dividends coming to him in said bankruptcy proceeding.

Heretofore and on the 16th day of June, 1936, the plaintiff in the within action obtained ex parte from the Honorable Gunnar H. Nordbye, a Judge of this court, in the bankruptcy proceeding aforesaid, an order permitting the plaintiff herein to garnishee and serve garnishee summons upon Harold W. Cox as trustee of the estate of the above

mentioned bankrupt Holding Company and directing him to make disclosure as provided by law—all in connection with the above entitled action. It further appears that the plaintiff holds a judgment against the principal defendant Harry S. Goldie in the amount of $15,000 with interest recovered in the above entitled proceeding and filed by the Clerk of this court on the 4th day of November, 1938.

The plaintiff herein contends that the assignment above mentioned and filed in the bankruptcy court was made after the indebtedness described in plaintiff's complaint arose and was made without consideration and "for the purpose of hindering, delaying and defrauding the creditors of the above named defendant and especially the above named plaintiff". The petitioners seek the discharge of the garnishment upon the grounds that the garnishee is a trustee in bankruptcy and that the funds held by him are in custodia legis and not subject to garnishment; that no dividend has as yet been declared and that no money was due defendant at the time of the garnishment; and allege knowledge of the assignment in the plaintiff and his attorney.

The proceeding involves the application of the statutes of Minnesota and decisions of the Minnesota Supreme Court. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. The Minnesota statutes applicable, namely, Sections 9356, 9366 and 9375, Mason's Minnesota Statutes 1927, among other things provide that garnishment may be resorted to in an action for the recovery of money, as well as for the making of a claimant to property garnisheed a party to the garnishment proceeding, and that if it becomes necessary in the progress of the proceeding the court may appoint a receiver to care for the fund, or the same may be brought into court.

In Watson v. Goldstein, 176 Minn. 18, 222 N.W. 509, 511, which had to do with Section 8226 of the Minnesota statutes relative to the attaching of real estate, the Supreme Court in part expressed itself in regard to garnishment as follows: "Here we have to do with personal property, and counsel for respondent assert that a garnishment is an attachment within this statute. We think not. True, it is in the nature of an attachment, but in garnishment proceedings the plaintiff never gets more than an inchoate lien, which may be protected by proceeding to judgment. He may get a definite right. It is not a levy in the usual sense. It differs from an attachment in that usually there is no actual seizure of the property and no specific lien is acquired thereon. It is a judicial warning to the garnishee not to pay or restore property to the defendant, and, if he does, he may subject himself to judgment."

I do not believe that the question as to whether or not a dividend has been declared has any influence on the question as to the maintenance of the garnishment proceeding; nor that the declaration of a dividend has effect on property in custodia legis. If no dividend is ever declared, the garnishment of course is a futility. If one should be declared in favor of the defendant or his assignees, its disposition will be determined in the light of the court's finding as to the integrity of the assignment in this proceeding. No stay or delay in the bankruptcy matter will necessarily follow as a result of such procedure.

Duxbury v. Shanahan, 84 Minn. 353, 87 N.W. 944, 945, supports the position that the garnishment proceeding might be maintained although no dividend had been declared and the court may in the progress of the proceeding, if the situation warrants, order a stay pending final action on the dividend in the bankruptcy court. The court said: "The proper practice was to stay all proceedings until there had been a determination in the regular, orderly way in the probate court, or, upon appeal, in the court which acquires and exercises final jurisdiction, and finally construes and declares the legal effect of the will in question."

See also National Surety Co. v. Hurley, 130 Minn. 392, 153 N.W. 740, L.R.A.1918F, 440.

It is elementary that the District Court of the United States sitting in bankruptcy and the District Court of the United States sitting in law or equity are separate and independent courts. In this Circuit see Hanna v. Brictson Mfg. Co., 8 Cir., 62 F. 2d 139, and Naylor v. Cantley, 8 Cir., 96 F. 2d 761.

There seems to be no question but that the court having custody of the res may authorize the commencement of suit in another court as well as limit the extent to which another court's jurisdiction may go. In re Kelley, D.C., 297 F. 676.

In People's Bank v. Calhoun, 102 U.S. 256, 261, 26 L.Ed. 101, the Supreme Court of the United States said: "It was for the

court having such possession to determine how far it would permit any other court to interfere with that possession, and what effect it would give to the attempt of another court to seize the property so under its control."

See also Bankers Mortgage Co. v. McComb, 10 Cir., 60 F.2d 218.

In Re Chakos, 36 F.2d 776, 777, the district court for the Western District of Wisconsin said: "It is the established rule in the federal court that funds in custodia legis are not as a matter of right subject to either attachment or garnishment," and gave as a reason for this rule that a right to garnishee or attach funds in custodia legis would cause endless embarrassment and interference with the administration of estates and the court's administration of its functions. The court further stated: "But the precise question here involved is not whether such right exists, but whether this court, sitting as a court of bankruptcy, guided by the principles governing equity jurisprudence, should, as a matter of grace, grant this alleged creditor an opportunity to establish his alleged cause of action and reach the only known source of satisfaction thereof. Courts of equity of the United States, prior to the enactment of legislation upon the subject, quite generally held that suits in garnishment or of any other character against a receiver or trustee appointed by the court could not be maintained except by leave of court first had and obtained. The granting of such leave was discretionary and a matter of extension of grace; relief was granted where desirable from the point of the applicant and not seriously embarrassing to the administration of the trust by the court. See Central Trust Co. v. Chattanooga, etc., Co. (C.C.) 68 F. 685; Central Trust Co. of New York v. East Tenn. R. Co. (C.C.) 59 F. 523, and cases cited in 34 Cyc. 411. In the case of In re Kranich (D.C.) 182 F. 849, Judge McPherson granted leave to an attachment creditor to garnishee a trustee in bankruptcy purely as a matter of grace."

█ Custodia legis whether in the bankruptcy or any other court means that the jurisdiction of the court having custody of the res is exclusive insofar as restrictions may be necessarily imposed on other courts for the proper control and disposition of the res by the court having custody and control of the same. The Supreme Court in the recent case of United States v. Klein, 303 U.S. 276, 58 S.Ct. 536, 538, 82 L.Ed. 840, stated the principle as follows: "While a federal court which has taken possession of property in the exercise of the judicial power conferred upon it by the Constitution and laws of the United States is said to acquire exclusive jurisdiction, the jurisdiction is exclusive only in so far as restriction of the power of other courts is necessary for the federal court's appropriate control and disposition of the property."

Both Collier's and Remington, cited in petitioner's brief, recognize that in a proper case the seeming rigidity and absolute quality of the rule here contended for may be relaxed. Gilbert's Collier, Fourth Edition, on page 1043 states: "But the bankruptcy court may, out of respect to the state court, permit garnishment of undistributed dividends due a creditor and direct the trustee to pay a judgment obtained in such garnishment proceedings", citing Matter of Smith, 2 Cir., 36 F.2d 697; In re Chakos, supra; In re Kranich, D.C., 182 F. 849.

Remington in Volume 4, Fourth Edition, in the treatment of the subject "subjecting dividends by garnishment", Section 2880, on page 490 states: "But perhaps the true rule is that it is a matter of discretion and grace", citing In re Chakos and In re Kranich, supra.

█ It is recognized that without the permission of the bankruptcy court this court as a district court could do nothing which would tend to defeat or interfere with that court's jurisdiction in rem. In my opinion there is no doubt that Judge Nordbye sitting as a court of bankruptcy possessed the authority to make the order which he did allowing the garnishment process to issue. Seemingly no one then felt aggrieved by his course for it was not until over two years had elapsed before the present motion was made, and this after judgment had been entered by the Clerk of this court.

It is to be observed that this case presents none of the characteristics of that long line of cases which hold, as Judge Lindley indicated in the Chakos case, supra. There is here no embarrassment or complication conceivable in the bankruptcy court. In due course hearings on claims will be completed. A dividend will doubtless be declared and those designated to whom the same is to be paid. There is no injection of any state court proceeding or any other circumstance withholding the payment to creditors, or the giving of "entrance to a parasite upon the bankruptcy proceedings which may seriously affect the effi-

ciency of the act", as was said in Re American Electric Telephone Co., 7 Cir., 211 F. 88, 91.

■ One may not successfully question the soundness of a rule that prevents the bankruptcy court from digressing to settle collateral disputes when the reasons for the rule are known to be the elimination of all extraneous issues from the bankruptcy proceeding and the securing of its early closing, as was so aptly expressed in Re Railroad Supply Co., 7 Cir., 78 F.2d 530.

As suggested, the many cases where the announced rule prevents garnishment on account of the fund being in custodia legis were actions where the garnishment issued out of the state court or where there was a complete failure to obtain consent of the court having control of the fund to permit the issuance of the garnishment proceedings against its custodian of the fund, and some of them in no manner involved bankruptcy proceedings.

■ Concededly the bankruptcy court has exclusive jurisdiction in the bankruptcy field. The state has none. Nor could process from the state court be permitted to delay the termination of the matter in bankruptcy and the final discharge of the trustee. As stated, already a judgment exists in this case in favor of the plaintiff and it will be determined in the law action, not in the bankruptcy proceeding, whether the principal defendant or his assignees are entitled to the dividend. If it be determined in favor of the defendant or his assignees, the garnishment proceeding fails and if it be found that they are not entitled to such dividend, then the garnishment has served its purpose and caused the dividend to be paid to the one justly entitled thereto. The bankruptcy court already having permitted the garnishment, the Trustee will abide that warning to the end; without controversy and without confusion he will pay the dividend to the one found to be entitled thereto, all in accordance with the direction of the court. Should it be desirable to close the bankrupt estate and discharge the Trustee, the court may direct the safe keeping of the dividend. Nowhere does such a course interfere with, delay or defeat the proper and rightful disposition of any dividend which may be declared in favor of the defendant, and the bankruptcy court has neither been embarrassed by the injection of collateral issues, nor has its jurisdiction over the res been assailed.

The questions of formal intervention by the petitioners to bring them within Rule 24 of the New Rules of Civil Procedure, 28 U.S.C.A. following section 723c, or of such other course as may seem appropriate to permit the plaintiff to meet the issue to be yet determined, are not before the court at this time. Counsel in that connection may proceed as they may be advised.

It is ordered, that the motion of the petitioners herein be and the same in all respects is hereby denied. An exception is preserved to the petitioners.