**In re Norman BRICKELL, Debtor.**

**No. 97–40207–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida.

April 10, 2003.

Joel Tabas, Miami, FL, for debtor.

## ORDER AUTHORIZING TRUSTEE TO DISBURSE FUNDS IN ACCORDANCE WITH GARNISHMENTS

BARRY S. SCHERMER, Bankruptcy Judge.

On January 6, 2003, the United States District Court for the Southern District of Florida issued its Order Vacating Orders of Bankruptcy Court and Remanding for Further Proceedings ("Remand Order"). In the Remand Order, the District Court directed this Court to address the following issues:

1. Whether a chapter 7 trustee holding property of the estate for distribution to creditors is subject to garnishment by persons who are themselves creditors of a creditor;

2. Whether final garnishment judgments should be treated differently where they were issued by different courts, one by a state court and the other by this Court; and

3. Whether this Court has jurisdiction to enter orders on the garnishors' motions for relief.

### Factual Background

1. On December 2, 1997, Norman Brickell ("Debtor") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

2. Marcia Dunn ("Trustee") was appointed the Trustee of the Debtor's bankruptcy estate.

3. Ms. Brickell is a creditor and former spouse of the Debtor.

4. Ms. Brickell retained Markowitz, Davis, Ringel & Trusty, PA (the "Firm") to represent her in connection with the Debtor's bankruptcy case. On May 11, 1998, this Court granted the Firm's motion for leave to withdraw as Ms. Brickell's counsel.

5. On February 1, 2000, the Firm obtained a judgment against Ms. Brickell from the Miami–Dade County Court (the "State Court") for unpaid fees in the amount of $9,736.04. The judgment is final and non-appealable.

6. On September 20, 2000, the Firm filed a writ of garnishment in the State Court against the Trustee to collect any disbursement due Ms. Brickell from the Debtor's estate. On March 28, 2001, the State Court issued a Final Garnishment Judgment (the "Firm's Garnishment Judgment") against the Trustee in favor of the Firm in the amount of $11,045.80. The Firm's Garnishment Judgment is final and non-appealable.

7. On August 8, 2001, the Firm served the Garnishment Judgment on the Trustee. The Trustee filed a motion with this Court seeking authorization to disburse to the Firm funds due to Ms. Brickell in accordance with the Garnishment Judgment. On August 15, 2001, this Court entered its order granting the Trustee's motion to disburse funds to the Firm ("Disbursal Order").

8. On April 23, 2001, this Court entered its judgment for sanctions against Ms. Brickell in favor of the Debtor in the amount of $14,341.82 (the "Sanctions Judgment"). The

Sanctions Judgment is final and non-appealable.

9. This Court entered its Garnishment Judgment (the "Debtor's Garnishment Judgment") against the Trustee in favor of the Debtor in connection with Ms. Brickell's liability to the Debtor pursuant to the Sanctions Judgment. The Debtor's Garnishment Judgment is final and non-appealable.

10. Pursuant to the Trustee's Final Report, which was filed on March 24, 2001, Ms. Brickell was entitled to a distribution from the Debtor's bankruptcy estate in the amount of $19,898.06.

11. As a result of the Firm's Garnishment Judgment, the Disbursal Order, and the Debtor's Garnishment Judgment, the funds due to Ms. Brickell from the bankruptcy estate were redirected first to the Firm and then to the Debtor.

12. Ms. Brickell filed a motion to vacate the Disbursal Order which this Court denied.

13. Ms. Brickell appealed from the Disbursal Order and the order denying her motion to vacate the Disbursal Order.

14. The United States District Court for the Southern District of Florida issued the Remand Order in response to Ms. Brickell's appeal.

15. On February 4, 2003, Ms. Brickell filed a Motion to Allow Parties to Brief Issues raised in the Remand Order (the "Briefing Motion").

16. On February 13, 2003, this Court issued its order granting Ms. Brickell's Briefing Motion and giving the parties until March 20, 2003, to

file briefs addressing the issues on remand.[1]

17. Each party submitted a brief on the issues raised in the Remand Order. Without leave of court, Ms. Brickell also submitted a reply brief. The Court has reviewed the Remand Order, all briefs and the reply brief.

## Discussion

### A. A Bankruptcy Trustee is Subject to Garnishment

■ The Bankruptcy Code is silent on whether a trustee is subject to garnishment. Likewise, the Federal Rules of Bankruptcy Procedure provide no guidance. Bankruptcy Rule 7069 addresses the method by which the holder of a judgment issued by the bankruptcy court may enforce the judgment but does not address the issue *sub judice*. Furthermore, no controlling case law dictates the outcome of this dispute. Consequently, this Court looks to the limited case law from other jurisdictions for guidance.

Most case law predates the enactment of the Bankruptcy Code and is split. Compare *Priestly v. Hilliard & Tabor (In re Argonaut Shoe Co.)*, 187 F. 784 (9th Cir.1911)(disallowing garnishment) with *In re Kranich*, 182 F. 849 (E.D.Pa.1910)(allowing garnishment). For a discussion of early cases addressing garnishment, see *Grant v. Burns (In re Am. Elec. Tel. Co.)*, 211 F. 88 (7th Cir.1914).

The cases refusing to allow garnishment focused on the impediment to efficiency which would result from the introduction of garnishment into the bankruptcy process. For example, the Seventh Circuit Court of Appeals noted that "to aid a state court attachment by withholding the payment to the creditor gives entrance to a parasite upon the bankruptcy proceedings which may seriously affect the efficiency of the [bankruptcy] act." *In re Am. Elec. Tel. Co.*, 211 F. at 91. At the time, garnishment was used as a pre-judgment remedy. Therefore, there was no guarantee that the rights of the bankruptcy estate creditor vis-a-vis the creditor's creditor would be adjudicated at the time the bankruptcy trustee was ready to make distributions. Consequently, a pre-judgment garnishment against a bankruptcy trustee could seriously delay the distribution of estate assets and prevent the trustee from completing his or her duties and closing the bankruptcy estate.

On the other hand, where no impediment to the bankruptcy process was perceived, garnishment was allowed. For example, in a case where the validity and amount of the estate creditor's liability to the creditor's creditor had been conclusively established prior to the time of distribution from the estate, garnishment was permitted. *In re Kranich*, 182 F. at 849.

In the only post-code case on point which this Court has located, a bankruptcy court refused to allow garnishment. *NVLand, Inc. v. Vogel (In re Ocean Downs Racing Ass'n., Inc.)*, 164 B.R. 249 (Bkrtcy.D.Md.1993). The Maryland bankruptcy court concluded that a chapter 7 trustee is not subject to garnishment by the holder of a state or federal judgment against an equity security holder of a bankruptcy estate. The court quoted the "forceful" language of the *American Electric Telephone* decision, including the reference to a parasite quoted above. *Ocean Downs*, 164 B.R. at 254–55. The court determined that the only remedy available

---

1. The Court's order imposed a ten page limit on briefs. Ms Brickell subsequently requested that the page limit be extended to twenty pages. The Court granted Ms. Brickell's request and extended the page limit to twenty pages.

to the judgment creditors of the debtor's sole stock holder was to obtain a substitution of claims pursuant to Bankruptcy Rule 3001(e)(2).

■■■ This Court disagrees with a *per se* ban on garnishment of bankruptcy trustees. A bankruptcy trustee should not be subject to a pre-judgment garnishment which would unnecessarily complicate and delay the efficient administration of a bankruptcy estate. However, where the claims against the estate creditor have been reduced to final judgment and a garnishment judgment has been issued prior to bankruptcy distribution, the sole burden on the trustee is the substitution of one creditor's name and address for that of another. Perhaps this creates a minor inconvenience for the trustee, but it hardly hampers the efficient administration of the estate nor introduces a parasite upon the bankruptcy process. This is especially true where, as here, the trustee is not opposed to the garnishment. *In re Kranich*, 182 F. 849 (E.D.Pa.1910)(where the estate creditor's creditor has obtained a garnishment judgment and the trustee has made no objection to the garnishment judgment nor the request of the estate creditor's creditor to have the garnishment recognized by the bankruptcy court, "I see no reason why this court should not pay due respect to a tribunal of the state, and recognize a claim that has thus been conclusively proved although I repeat that the allowance must be accepted as purely ex gratia.")

This result is consistent with the bankruptcy process. The bankruptcy system recognizes the substitution of creditors in the claim transfer process embodied in Bankruptcy Rule 3001(e). Garnishment imposes no greater burden on the trustee than the transfer of a claim pursuant to Rule 3001(e).

This Court disagrees with the conclusion of the Maryland bankruptcy court in *Ocean Downs* that Rule 3001(e)(2) is the exclusive remedy for the holder of a judgment against a creditor of a bankruptcy estate to attach the creditor's distribution from the bankruptcy estate. Bankruptcy Rule 3001(e) is designed to provide notice to the holder of a proof of claim that such holder's claim has been transferred. If the original claim holder disputes the purported transfer, he or she has the opportunity to raise an objection with the bankruptcy court. The procedures for obtaining a garnishment judgment likewise provide the holder of the original claim with an opportunity to dispute the proposed garnishment. Rule 3001(e) facilitates the transfer of claims by allowing a substitution without a hearing if no objection is raised. The rule provides the transferee of the claim with a simple and effective means of substituting himself or herself for the holder of a filed proof of claim. It is typically used when a third party purchases a claim against a bankruptcy estate. In such a scenario, the bankruptcy court may have no way of knowing whether the transfer is authentic without the consent of the claim holder. Rule 3001(e) provides the holder of the claim with an opportunity to challenge the validity of the alleged transfer or to consent to the transfer through non-action. Such safeguards are not necessary where a court of competent jurisdiction has entered a garnishment judgment. In such a situation, the bankruptcy court can rely on the garnishment judgment as conclusive evidence of entitlement to the transfer of the claim.

### B. The Identity of the Court Issuing the Garnishment is Irrelevant

■■■ The identity of the court issuing the garnishment judgment is irrelevant. Bankruptcy courts consistently recognize

judgments issued by other courts. Claims against bankruptcy estates are often based on judgments obtained in other federal and state courts prior to the commencement of the bankruptcy case. Each is given equal validity. Likewise, a bankruptcy court may abstain from hearing a dispute and instead defer to another court—state or federal—where the interests of the parties, the court, and justice will be served. A final judgment, for garnishment or otherwise, should be recognized whether it is issued by a bankruptcy court, a federal district court, a state court, or any other tribunal of competent jurisdiction. No authority for a contrary holding has been submitted by the parties or found by this Court.

### C. This Court has Jurisdiction to Enter Orders on the Garnishor's Motions for Relief

■ This Court has jurisdiction over all cases under the Bankruptcy Code and all core proceedings arising under the Bankruptcy Code or arising in a bankruptcy case within this district. 28 U.S.C. § 157(b). Core proceedings include but are not limited to matters concerning the administration of the bankruptcy estate, the allowance or disallowance of claims against the estate, and other proceedings affecting the adjustment of the debtor-creditor relationship. 28 U.S.C. § 157(b)(2)(A), (B), and (O). A request by the holder of a garnishment judgment against a creditor of a bankruptcy estate for this Court to recognize such garnishment is a matter concerning the administration of the bankruptcy estate, is inte-

grally related to a claim against the estate, and affects the adjustment of the debtor-creditor relationship by determining the holder of the claim entitled to distribution.

The jurisdiction of a bankruptcy court to address issues arising out of a transfer of claims pursuant to Bankruptcy Rule 3001(e) has not been challenged. The recognition by this Court of a garnishment judgment has the same impact on and nexus to the bankruptcy estate as the acknowledgment of the transfer of a claim.

### Conclusion and Order

This Court has jurisdiction to consider the requests of the Firm and the Debtor to have their garnishment judgments against Ms. Brickell recognized as effective attachments of Ms. Brickell's rights to a distribution from the Debtor's bankruptcy estate. This Court has jurisdiction to issue its own garnishment judgment and has discretion to recognize the garnishment judgment issued by the State Court. Where, as here, the recognition of the garnishments does not impede the Trustee's completion of her duties and where she has not presented any opposition to the effective substitution of creditors, this Court orders the Trustee to distribute to the Firm and the Debtor such amounts as would otherwise be payable to Ms. Brickell.