[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**July 20, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 04-13631
Non-Argument Calendar

_____

D. C. Docket Nos. 03-22354-CV-AJ
and 03-22355-CV-AJ
BKC No. 97-40207 BKC-AJ

In Re: NORMAN L. BRICKELL,

                                                            Debtor.

_____

DOROTHEA BRICKELL,

                                                            Plaintiff-Appellant,

versus

MARCIA T. DUNN, Trustee,

                                                            Defendant-Appellee.

_____

DOROTHEA BRICKELL,

                                                            Plaintiff-Appellant,

versus

MARKOWITZ, DAVIS, RINGEL & TRUSTY, PA,

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 20, 2005)**

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

Dorothea Brickell, proceeding pro se, appeals the district court's order authorizing the garnishment of her claims against the bankruptcy estate of her ex-husband. She also appeals the district court's denial of her motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). We affirm.

**I.**

On December 2, 1997, Brickell's ex-husband filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. A trustee was appointed for his bankruptcy estate. Brickell is a creditor of her ex-husband's bankruptcy estate. She retained the law firm of Markowitz, Davis, Ringel, & Trusty to represent her in the bankruptcy. On May 11, 1998 the bankruptcy court granted the firm's request for leave to withdraw as Brickell's counsel.

On February 1, 2000, the firm obtained a state-court judgment against Brickell for unpaid legal fees in the amount of $9,736.04. The firm then filed a

writ of garnishment in state court against the trustee, seeking to collect any disbursements that Brickell was due from the bankruptcy estate. The state court issued a final garnishment judgment in favor of the firm. The firm served the garnishment judgment on the trustee.

Meanwhile, the bankruptcy court had granted a discharge to Brickell's ex-husband. Brickell filed a complaint in the bankruptcy court seeking to revoke the discharge. The bankruptcy court dismissed the complaint, and Brickell filed an appeal in the district court. The district court affirmed the dismissal and remanded the case to the bankruptcy court to determine whether sanctions should be imposed against Brickell in light of her history of frivolous litigation. On August 25, 2001, the bankruptcy court awarded Brickell's ex-husband fees and costs in the amount of $14,832.94 plus post-judgment interest.

Brickell's ex-husband then filed a motion in the bankruptcy court seeking to recover the money through a writ of garnishment against the trustee of his bankruptcy estate. The trustee never responded to the motion, and the bankruptcy court issued a garnishment judgment against the trustee.

On August 8, 2001, the trustee filed an ex parte motion with the bankruptcy court, seeking authorization to distribute the money the estate owed Brickell to the two garnishors. The trustee stated that, in the absence of the garnishments,

3

$19,898.06 would be distributed to Brickell. The trustee asked to be allowed to pay each garnishor his pro rata share of that amount from the distribution. The bankruptcy court granted the trustee's motion. A copy of the order was mailed to Brickell.

Brickell, proceeding pro se, then filed a motion in the bankruptcy court to vacate the order allowing garnishment. The bankruptcy court denied the motion, and the trustee mailed checks to the garnishors. Brickell appealed the bankruptcy court's garnishment order to the district court. The district court vacated the garnishment order and the order denying Brickell's motion to vacate. It remanded the case to the bankruptcy court to make findings on: (1) whether a Chapter 7 trustee, who holds property of the bankruptcy estate for distribution to creditors, is subject to garnishment by creditors of one of the debtor's creditors; (2) whether final judgments should be treated differently if issued by courts other than the bankruptcy court; and (3) whether the bankruptcy court had jurisdiction to enter orders allowing garnishment.

On April 20, 2003, the bankruptcy court issued an order holding that the trustee was subject to garnishment in these circumstances, that the identity of the court issuing the garnishment judgment was irrelevant, and that it had jurisdiction to enter an order allowing the trustee to comply with the garnishment judgments.

4

Brickell appealed the decision to the district court, which affirmed the bankruptcy court's order. Brickell then filed a Fed. R. Civ. P. 59(e) motion asking the district court to alter or amend its judgment. The district court denied that motion.

Brickell now asks us to reverse the district court's orders authorizing the garnishment of her claim against the estate and denying her Rule 59(e) motion. Brickell specifically contends that: (1) the district court and the bankruptcy court lack jurisdiction to allow garnishment of the bankruptcy estate; (2) a Chapter 7 trustee holding property of the estate for distribution to creditors is not subject to garnishment by persons who hold garnishment judgments against a creditor; (3) the garnishment judgment issued by the state court is invalid; and (4) the district court abused its discretion in denying her Rule 59(e) motion.[1]

**II.**

"As the second court of review of a bankruptcy court's judgment, this Court examines independently the factual and legal determinations of the bankruptcy court and employs the same standards of review as the district court." Barrett Dodge Chrysler Plymouth, Inc. v. Cranshaw (In re Isaac Leaseco, Inc.), 389 F.3d

---

[1] At one point, the law firm filed a motion to substitute itself for Brickell as a creditor of the estate, pursuant to Fed. R. Bankr. P. 3001(e). The bankruptcy court entered an order granting that motion, though the law firm had withdrawn it. Brickell challenges that order in this appeal as well. Because we conclude that the bankruptcy court properly allowed the estate to be garnished to satisfy Brickell's debts to the firm, it is not necessary for us to decide whether a Rule 3001(e) substitution was authorized in this case.

1205, 1209 (11th Cir. 2004) (internal marks and citations omitted). We review legal determinations of the bankruptcy court de novo. The Securities Groups v. Barnett (In re Monetary Group), 2 F.3d 1098, 1103 (11th Cir. 1993) (per curiam). We review the factual findings of the bankruptcy court only for clear error. Id.

### III.

"[J]urisdiction over matters allegedly related to a bankruptcy case is best analyzed in two steps: first, the reviewing court must decide whether federal jurisdiction exists in the district court; second, if jurisdiction does exist, it must determine whether the bankruptcy court properly exercised its constitutionally available powers in proceeding over the matter as a 'core' or 'non-core' proceeding." Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.), 910 F.2d 784, 787 (11th Cir. 1990) (footnote omitted). We conclude that the district court and the bankruptcy court had jurisdiction to enter orders on the garnishors' motions.

District courts have jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). In order to determine whether a matter is "related to" a bankruptcy case, we ask "whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy." In re Lemco Gypsum, 910 F.2d at 788 (quoting Pacor, Inc. v. Higgins (In re Pacor, Inc.), 743 F.2d 984, 994 (3d Cir. 1984),

6

overruled on other grounds by Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 116 S. Ct. 494 (1995)).  A matter that is "related to" a bankruptcy case "need not necessarily be against the debtor or against the debtor's property."  Id. (quoting Pacor, 743 F.2d at 994).  "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."  Id. (quoting Pacor, 743 F.2d at 994).

The garnishment authorization order in this case has a direct impact on the bankruptcy estate because it partially determines how the estate will be distributed. The garnishment proceedings are clearly "related to" the bankruptcy case, and the district court has jurisdiction over them.

The bankruptcy court had jurisdiction to authorize the garnishment of the estate, because it has jurisdiction over all cases under title 11 and over all core proceedings arising under title 11 or arising in a case under title 11.  28 U.S.C. § 157(b)(1).  The bankruptcy court may exercise "full judicial power" over core proceedings but may exercise "only limited power" over non-core proceedings.  In re Lemco Gypsum, 910 F.2d at 787.  Core proceedings include, but are not limited to, matters concerning the administration of the bankruptcy estate, the allowance or disallowance of claims against the estate, proceedings affecting the adjustment of

7

the debtor-creditor relationship, and determinations of the validity, extent, or priority of liens against the estate. 28 U.S.C. § 157 (b)(2).

The trustee's request to give effect to the garnishment judgments is a matter concerning the administration of the estate. It is also a matter affecting the adjustment of the debtor-creditor relationship because it determines which holders of claims will receive a distribution. The jurisdiction of a bankruptcy court to address issues arising out of the transfer of claims to third parties, pursuant to Fed. R. Bankr. P. 3001(e), has not been challenged. Garnishing the bankruptcy estate in favor of a third party has the same impact on the estate as does transferring a claim from a creditor to a third party. Because the garnishment directly affects the manner in which the bankruptcy estate is administered and distributed, it is a core proceeding over which the bankruptcy court may exercise "full judicial power," In re Lemco Gypsum, 910 F.2d at 787.

## IV.

The Bankruptcy Code and the Federal Rules of Bankruptcy Procedure are silent about whether a trustee is subject to garnishment. There is nothing in either the Code or the Rules, however, which prohibits garnishment of the trustee. Conversely, the bankruptcy court is given the flexibility necessary to effectuate its purposes. The Bankruptcy Code states that "[t]he court may issue any order,

8

process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Federal Rule of Civil Procedure 69(a), which applies to adversarial bankruptcy proceedings by virtue of Fed. R. Bankr. P. 7069, states that "[p]rocess to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise."

Where "the language of the Code is silent, and the statute and legislative history indicate no clear intent to abrogate prior law, we look to the prior law." Varsity Carpet Servs., Inc. v. Richardson (In re Colortex Indus., Inc.), 19 F.3d 1371, 1384 (11th Cir. 1994). Most of the case law addressing whether a trustee is subject to garnishment predates the enactment of the Bankruptcy Code, and the results are split. Compare, e.g., Grant v. Burns (In re American Elec. Tel. Co.), 211 F. 88 (7th Cir. 1914) (disallowing garnishment), with In re Kranich, 182 F. 849 (E.D. Pa. 1910) (allowing garnishment).

The pre-Code cases refusing to allow garnishment focused on the impediment to efficiency that the introduction of garnishment into the bankruptcy process would cause. See In re American Elec. Tel. Co., 211 F. at 91. At the time these cases were decided, garnishment was often used as a pre-judgment remedy. Allowing garnishment of the trustee could therefore seriously delay the bankruptcy proceedings because the estate could not be closed and distributed until the

underlying action giving rise to the garnishment had been resolved. See Priestly v. Hilliard & Tabor (In re Argonaut Shoe Co.), 187 F. 784, 787 (9th Cir. 1911) (disallowing garnishment of the trustee because garnishment would cause the bankruptcy proceedings to "be stayed or prevented by the process of a state court, the object of which is to withhold a dividend from a creditor entitled thereto for the security of a plaintiff pending litigation").

In situations where garnishment posed no impediment to the bankruptcy process, garnishment was sometimes allowed. See In re Kranich, 182 F. at 850 (permitting garnishment of the trustee where the validity and amount of the garnishment judgment had been conclusively established prior to the time of distribution from the estate). In allowing garnishment of the trustee, the district court stated:

> The garnishee is an officer of this court, and has more than enough money in his hands to satisfy the judgment; and, while the state tribunal could not compel him to pay over the money, he himself has made no objection either to the judgment or to the order that is now asked for by the creditor. Under such circumstances I see no reason why this court should not pay due respect to a tribunal of the state, and recognize a claim that has thus been conclusively proved . . . .

Id.

The only post-Code case on point, NVLand, Inc. v. Vogel (In re Ocean Downs Racing Ass'n., Inc.), 164 B.R. 249 (Bankr. D. Md. 1993), refused to allow

10

garnishment of the trustee. The bankruptcy court in Ocean Downs relied heavily on In re American Elec. Tel. Co. and concluded that "to permit a garnishment to be taken against a bankruptcy trustee would impede and frustrate the policy of promoting the orderly and expeditious administration of the debtors' estates." Id. at 254. Though the bankruptcy court concluded that garnishment would impede the bankruptcy process, it failed to describe any impediment that garnishment might actually cause. It also neglected to distinguish the pre-judgment garnishment at issue in In re American Elec. Tel. Co. from the post-judgment garnishment before it. For these reasons, we find the holding in Ocean Downs unpersuasive.

We see no reason to impose a per se ban on the garnishment of bankruptcy trustees. The bankruptcy system recognizes the substitution of creditors. See Fed. R. Bankr. P. 3001(e) (allowing a claim against the bankruptcy estate to be transferred from a creditor of the estate to a third-party). While garnishment should not be allowed if it unnecessarily complicates the administration of the bankruptcy estate, the only burden on the trustee in this case was the substitution of one creditor's name and address for another. The claims giving rise to the writs of garnishment had been reduced to final judgments, and the garnishment judgments had been issued before the distribution of the debtor's estate had begun.

11

Furthermore, the trustee did not object to complying with the garnishments. Given all of these circumstances, we conclude that the district court did not act improperly in allowing the garnishments.

## V.

Brickell contends that the garnishment judgment issued by the state court is invalid. She argues that, as a state judgment, the garnishment is not enforceable in bankruptcy court. She also attacks the underlying basis of the state court judgment, arguing that the state court erred when it ruled against her.

First, the identity of the court issuing the writ of garnishment is irrelevant. Claims against a bankruptcy estate are often based on judgments obtained in state court. For example, Brickell's claim against her ex-husband's estate arose out of a state-court determination that she was entitled to alimony. Second, this Court cannot revisit the merits of the underlying state judgment. The Rooker-Feldman doctrine prevents us from reviewing a final judgment entered by a state court. See Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001).

## VI.

We review the denial of a Rule 59(e) motion to alter or amend judgment for abuse of discretion. Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997)

(per curiam). "The only grounds for granting [a Rule 59(e)] motion are newly-discovered [previously unavailable] evidence or manifest errors of law or fact." Kellogg v. Schreiber (In re Kellogg), 197 F.3d 1116, 1119 (11th Cir. 1999). Rule 59(e) may not be used to relitigate a claim or to present arguments or evidence that could have been raised prior to the entry of judgment. Mincey v. Head, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000). Brickell's motion does not expose any errors of law or fact or present any newly discovered or previously unavailable evidence. Accordingly, the district court did not abuse its discretion in denying the motion.

**AFFIRM.**